USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-7-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VONE WYNN,

                Petitioner,

       - against -

WILLIAM LEE,

                Respondent.

**REPORT AND RECOMMENDATION**

**11 Civ. 3650 (CM)(RLE)**

USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/11

To the HONORABLE COLLEEN MCMAHON, U.S.D.J.:

## I. INTRODUCTION

Before the Court is a motion by *Pro Se* Petitioner Vone Wynn to stay the instant proceedings to allow him to return to state court to exhaust a previously unexhausted claim. Wynn filed his Petition for a writ of habeas corpus with the *pro se* office in this District on May 13, 2011, and filed his motion for a stay on July 14, 2011, before Respondent William Lee had entered his response. For the reasons which follow, I recommend that the motion, which is treated as including a motion to amend Wynn's Petition, be **GRANTED.**

## II. BACKGROUND

On March 24, 2005, Wynn was convicted of murder in the second degree. He was sentenced to an indeterminate prison term of twenty-five years to life. In his Petition, Wynn asserts ten claims, all of which were raised by his appellate attorney on direct appeal. He contends that his incarceration violates the United States Constitution in that: 1) one of his attorneys had a per se conflict of interest arising from the fact that one of the prosecutors on the case was the attorney's brother; 2) the trial court improperly admitted details that were not included in the state's voluntary disclosure form; 3) the trial court improperly limited his

*[handwritten annotation:]* 11/7/2011 I accept the Report and adopt it as my opinion and stay the proceeding pending exhaustion of the unexhausted claim. That I do so, however, should not be interpreted as any suggestion that the unexhausted claim has merit. Colleen McMahon

*[margin, right side:]* Copies mailed/faxed/handed to counsel on 11/7/11

impeachment of a police detective; 4) the trial court improperly precluded evidence of a prior

inconsistent statement made by one of the prosecution's witnesses; 5) the trial court improperly

limited cross-examination of one of the prosecution's witnesses; 6) the trial court improperly

admitted a prior consistent statement by one of the prosecution's witnesses; 7) the trial court

improperly admitted hearsay evidence from a prosecution witness; 8) the trial court improperly

refused to instruct the jury about a justification defense; 9) the trial court improperly responded

to a jury request during deliberation; and 10) the trial court considered inappropriate factors in

determining his sentence. The claim that Wynn now seeks to exhaust was not included in his

Petition. He claims that he has since discovered, through the efforts of a private investigator, that

one of the prosecution's witnesses was induced to give false testimony by Wynn's own attorney,

Patrick Brackly, who was acting for the benefit of his brother, Ryan Brackly, who was

prosecuting Wynn's case.

## III. DISCUSSION

### A. The *Rhines* Standard

A stay of proceedings should be available only in limited circumstances and is only

appropriate when the court determines there was good cause for the petitioner's failure to

exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court would

abuse its discretion were it to grant a stay when the unexhausted claims were plainly meritless.

*Id.* However, a court should stay proceedings when a petitioner 1) has good cause for failing to

exhaust; 2) his unexhausted claims are potentially meritorious; and 3) there is no indication that

the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

*Rhines* and its progeny address whether the Court should grant a petitioner a stay for

purposes of exhausting claims that are presented in the habeas corpus petition along with claims

2

found to be exhausted: where there is a "mixed" petition. *Id.* at 277-78. Even *Zarvela v. Artuz*,

254 F.3d 374 (2d Cir.2001), the Second Circuit precursor to *Rhines*, contemplates staying a

pending habeas petition only where the petition includes a mix of exhausted and unexhausted

claims. See *id.* at 380; *see also Fernandez v. Artuz*, No. 00 Civ. 7601, 2006 WL 121943, at *3

(S.D.N.Y. Jan. 18, 2006) (discussing the *Rhines* and *Zarvela* decisions). It remains an open

question in this Circuit as to whether *Rhines* and *Zarvela* apply to petitions containing only

exhausted claims. *See Townes v. Lacy*, 68 Fed. Appx. 217, 218 (2d Cir.2003). Some federal

courts in other circuits have held that a petitioner seeking to exhaust a new claim is ineligible for

a stay under *Rhines*, *see, e.g.*, *Canales v. Warden, London Correctional Inst.*, No. 1:09-cv-600,

2010 WL 3785263, at *2 (S.D. Ohio Aug. 26, 2010), while others have ruled that *Rhines* is

flexible enough to encompass such a situation. *See, e.g.*, *Stegall v. Rapelje*, No. 4:10-cv-14201,

2011 WL 2118971 (E.D. Mich. Apr. 21, 2011). In this Circuit, courts have recently allowed

petitioners seeking a stay to first move to amend their petitions to add the claims that they seek

to exhaust, before renewing their stay motions. *See, e.g.*, *Spells v. Lee*, No. 11-cv-1680, 2011

WL 2532907, at *1 (E.D.N.Y. June 23, 2011); *Williams v. Sheahan*, No. 11-cv-2435, 2011 WL

2437496, at *1 (E.D.N.Y. June 15, 2011). In the interests of judicial economy, this Court will

interpret the motion to stay in this situation as incorporating a motion to amend, and decide both

issues, as at least one other judge in this Circuit has done. *See Simms v. LaClair*, 769 F. Supp. 2d

116, 136 (W.D.N.Y. 2011).

### B. Wynn May Amend His Petition

A habeas petitioner's motion to amend his habeas petition is governed by Federal Rule of

Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); see also *Fama v.*

*Commissioner of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Where, as here, more than

3

twenty-one days have passed since the Petition was filed, leave to amend is required.

Fed.R.Civ.P. 15(a). Although leave to amend shall be "freely given," Fed.R.Civ.P. 15(a),

"district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that

are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363 (citing *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962) (listing "undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment"

as valid reasons for denying leave to amend)). As Wynn does not appear to have engaged in any

of the abusive tactics enumerated in prior cases, he should be allowed to amend his Petition.

## C. Wynn Has Satisfied the Requirements for the Grant of a Stay

Having determined that Wynn should be allowed to amend his Petition, the Court now

considers whether, having amended the Petition, he should be granted a stay to exhaust his new

claim.

### 1. The New Claim is Not Plainly Meritless

Wynn claims that his private investigator has uncovered evidence that one of his

attorneys, Patrick Brackly, took active steps to ensure Wynn's conviction. Respondent correctly

asserts that at this point, Wynn offers only hearsay evidence of this misconduct, and that such an

act on the part of a defense attorney seems too egregious to be believable. Nevertheless, Wynn

has shown some evidence in support of his claim, and has indicated that he may be able to obtain

non-hearsay testimony. If proven, there is little doubt that such conduct would constitute a

constitutional violation, and therefore Wynn's claim is potentially meritorious.

### 2. Wynn has Shown Good Cause For His Failure to Exhaust this Claim

Wynn has demonstrated good cause for his failure to exhaust the claim at issue before

4

filing for habeas relief. He explains that he was diligently pursuing all avenues of challenging his conviction, but was constrained by his financial circumstances and his reliance on family members for information, and only recently obtained the information and money necessary to investigate and uncover his new claim. (Pet'r's Reply at ¶ 4.) He asserts that he did not know whether he would be able to fully investigate his new claim before the one-year statute of limitations for filing a habeas corpus petition set by the Antiterrorism and Effective Death Penalty Act expired. Consequently, he filed a "protective" petition while continuing to investigate his new claim, a practice that a number of district courts around the country have found to constitute good cause. *See Thomas v. Conway*, 08-CV-6263, 2009 WL 414011, at *3 (W.D.N.Y. Feb. 18, 2009) (collecting cases). As a result, the Court concludes that Wynn has shown good cause for his failure to previously exhaust his new claim.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Wynn's motion to amend and stay his Petition be **GRANTED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1350, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

5

**Dated: September 7, 2011**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Order were sent to:

*Pro se* Petitioner:
Vone Wynn
05-A-1844
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Attorney for Respondent:
Dana Renee Poole
New York County District Attorney's Office
1 Hogan Place
New York , NY 10013

6